**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Humberto Garcia, et al, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:26-cv-00085 |
| | § | |
| Kristi Noem, et al, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO CONTINUE RESPONSIVE**
**PLEADING DEADLINE AND INITIAL CONFERENCE**

In accordance with Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, Defendants Markwayne Mullin; U.S. Department of Homeland Security; Todd M. Lyons; and U.S. Immigration and Customs Enforcement respectfully move to continue (i) their answer deadline by 90 days from May 29, 2026 to August 27, 2026, and (ii) the initial conference in this case currently set for June 2, 2026 until after the proposed answer deadline of August 27, 2026. Defendants further request that the initial conference be conducted over Zoom, as the undersigned counsel is based out of Houston.

On February 18, 2026, Plaintiffs filed this class action regarding administrative warrants. Dkt. 1. Defendants' responsive pleading is currently due on May 29, 2026. Dkt. 13.

On March 18, 2026, Secretary of Homeland Security Markwayne Mullin testified in his Senate confirmation hearing in response to questioning by Senator Blumenthal "that if confirmed as head of the agency, ICE officers will not enter a home without a judicial warrant unless [they] are pursuing the individual that runs into a house." *See Markwayne Mullin's Senate*

*Confirmation Hearing to Become Homeland Security Secretary*, Face the Nation (Mar. 18, 2026), https://www.youtube.com/watch?v=zUtGVXuRRBI, at 1:13:23-1:13:34.

By letter dated May 8, 2026, the Secretary publicly confirmed that he "paused the practice of entering an illegal alien's residence who is subject to a final order of removal with an I-205, *Warrant of Removal/Deportation*, while [he] assess[es] the policy." Ex. 1, Letter from Secretary Mullin to Senator Richard Blumenthal. *See United States v. Chem. Found., Inc.,* 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

Because the Secretary has paused the challenged practice in this case and is currently assessing that practice, Defendants request a 90-day extension of their responsive pleading deadline until August 27, 2026, to allow this review to continue—the result of which might be dispositive of this action.

Defendants seek this extension in litigation solely to allow the Secretary's ongoing consideration of the practice to continue and to preserve judicial resources. This request is not made for purposes of delay, and Plaintiffs will not be prejudiced if this motion is granted.

Defendants further request that the initial conference currently set for June 2, 2026 be continued until after the proposed answer deadline of August 27, 2026. This will allow the Parties and the Court to discuss the case more productively with the benefit of having reviewed Defendants' responsive pleading.

Dated: May 22, 2026

Respectfully submitted,
JOHN G.E. MARCK
United States Attorney

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3300
E-mail: myra.siddiqui@usdoj.gov

3

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with counsel for Plaintiffs by sending emails on May 21 and 22, 2026. I also called Ms. Okoko's office three times on May 22, 2026, and was unable to reach counsel or leave a voicemail.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on May 22, 2026, the foregoing was filed and served on counsel for Plaintiffs via the Court's CM/ECF system.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney

4