United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HUMBERTO GARCIA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:26-CV-00085 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. Background

Now before the Court is Defendants' Motion to Dismiss all of Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6). This lawsuit was originally filed in federal court on February 18, 2026. In their original complaint, and the current live pleading before the Court, Plaintiffs bring Fourth and Fifth Amendment challenges to an immigration policy directive enforced by Defendants. (*See* Dkt. No. 1).[1] Plaintiffs allege that on January 9, 2026, U.S. Immigration and Custom Enforcement (ICE) officers, through the use and reliance of administrative warrants, "jumped the fence surrounding Plaintiffs' family house and entered the home," arrested Plaintiffs' noncitizen parents, and subsequently took them into immigration custody. (Dkt. No. 25 at 1). In their complaint, Plaintiffs raise Fourth and Fifth Amendment violations stemming from the ICE officers' alleged use and reliance on Defendants' policy directive when they entered their home without their consent. (Dkt. No. 1 at 19–22). To redress these violations, Plaintiffs ask the Court to "issue a declaratory

[1] The immigration policy at issue is Defendants' use of administrative warrants to arrest illegal aliens, namely Form I-205, *Warrant of Removal*/Deportation. According to Secretary of Homeland Security Markwayne Mullin, to effectuate this administrative warrant, "[t]he alien must have been subject to a final order of removal issued by an immigration judge, the Board of Immigration Appeals, a magistrate judge, or a district court judge and there had been reason to believe the subject alien resided at and was located at the address where the I-205 was served." (Dkt. No. 25, Ex. 1 n. 1).

judgment on behalf of Plaintiffs, declaring that Defendants' policy directive at issue violates Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution." (*Id.* at 22). Plaintiffs also ask the Court to "[i]ssue an order permanently enjoining Defendants and all those acting in concert with them from enforcing or implementing the policy directive against Plaintiffs." (*Id.*).

On September 3, 2026, Defendants filed a Motion to Dismiss all of Plaintiffs' claims, arguing lack of subject-matter jurisdiction and failure to state a claim for which relief can be granted pursuant to Federal Rules 12(b)(1) and 12(b)(6), respectively. (Dkt. No. 25). Defendants give three reasons that warrant dismissal of Plaintiffs' claims: Plaintiffs cannot bring claims on behalf of noncitizens, Plaintiffs lack standing because their alleged injury is too speculative, and failure to state a claim upon which relief can be granted because the administrative warrants at issue are permissible in the immigration context and recognized under current Supreme Court precedent. (*Id.* at 2). Further, Defendants noted in their motion that currently, the Secretary of Homeland Security Markwayne Mullin has "paused the practice of entering an illegal alien's residence who is subject to a final order of removal with an I-205, *Warrant of Removal/Deportation*, while [he] assess[es] the policy." (*Id.* at 2–3, Ex. 1).[2]

In response, Plaintiffs argue that Defendants' purported reasons for dismissing their claims fail because Plaintiffs are asserting claims for themselves, not their noncitizen parents, the injury alleged is not "conjectural" nor too speculative "about some future enforcement action" because the encounter of which Plaintiffs complain of already occurred, and Defendants' alleged legal reliance on the use of administrative warrants does not by itself deem such practice to be constitutional. (Dkt. No. 27 at 3).

[2] It should be noted, however, that Defendants are not raising mootness as a ground for dismissal of Plaintiffs' claims.

Defendants' reply re-asserts that Plaintiffs lack standing because their injury is speculative, and that Plaintiffs fail to state a claim because the policy at issue is permissible under current Supreme Court and Fifth Circuit precedent. (Dkt. No. 28 at 2).

Upon consideration of the Motion (Dkt. No. 25), Plaintiffs' response (Dkt. No. 27), and Defendants' reply (Dkt. No. 28), in light of the relevant law, the Court finds that Plaintiffs lack standing to pursue their claims against Defendants, and therefore the Court must dismiss the case under Rule 12(b)(1) for lack of subject-matter jurisdiction. Accordingly, the Court does not address whether Plaintiffs have stated a plausible claim for relief.

## II. Defendants' Rule 12(b)(1) Motion to Dismiss

### A. Standard of Review

Federal courts have limited jurisdiction, and therefore, the power to adjudicate claims only when jurisdiction is conferred by federal statute and the U.S. Constitution. *E.g., Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to 'Cases' and 'Controversies,'" and "[t]he doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process." *Cruz v. Abbott*, 849 F.3d 594, 598 (5th Cir. 2017) (quoting U.S. CONST. art. III, § 2; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (some internal quotations and alteration omitted)). To establish Article III standing, a plaintiff must demonstrate that: "(1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id.* (quoting *Hous. Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007)).

A court properly dismisses a case for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see* FED. R. CIV. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," who "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (internal citations omitted).

**B. Analysis**

First, the Court takes on Defendants' argument that this Court lacks subject-matter jurisdiction because Plaintiffs attempt to bring claims on behalf of noncitizens. Although Plaintiffs proposed a class under Rule 23 in their original complaint, such class has not been certified by this Court. *See* FED. R. CIV. P. 23. But, even if the Court were to certify a class, the class must establish that it has Article III standing. "Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Cook v. Reno,* 74 F.3d 97, 98–99 (5th Cir.1996) (internal quotations and footnotes omitted). In class actions, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Here, because the Court has yet to certify a class under Rule 23, the citizenship status of the proposed class members is irrelevant, and Defendants' argument is unnecessary at this point. Thus,

the Court will focus its analysis of Defendants' motion on the named Plaintiffs and their Article III standing before this Court.

Defendants argue that Plaintiffs lack standing because the alleged harm they complain of is not imminent and is too speculative. (Dkt. No. 25 at 5). More specifically, Defendants argue that because the only relief that Plaintiffs seek is "forward looking … through declaratory and injunctive relief," they must show that they face "a real and immediate threat of repeated injury." (*Id.* at 5–6 (quoting *Murthy v. Missouri*, 603 U.S. 43, 58 (2024))). Therefore, Defendants argue that Plaintiffs fall short of meeting this standard and thus lack standing. The Court agrees.

To establish standing, the Supreme Court has held that three requirements must be met, and that the plaintiff bears the burden of establishing all three. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff must have suffered an injury-in-fact, that is fairly traceable to the challenged conduct, and that the plaintiff's injury will be redressed by the relief granted by the court. *Id.*; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish injury-in-fact, a plaintiff must show that they suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (quoting *Lujan,* 504 U.S. at 560) (internal quotation marks omitted). Further, where the "plaintiffs request forward-looking relief, they must face 'a real and immediate threat of repeated injury.'" *Murthy*, 603 U.S. at 58 (quoting *O'Shea*, 414 U.S. at 496); *see also Susan B. Anthony List*, 573 U.S. at 158 ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." (internal quotation marks omitted)).

Here although Plaintiffs have plausibly alleged in their complaint that they suffered an injury when on January 9, 2026, ICE officers, through the alleged use and reliance of an administrative warrant, "jumped the fence surrounding Plaintiffs' family house and entered the

home" to arrest Plaintiffs' noncitizen parents, that is not enough for standing purposes. (Dkt. No. 25 at 1). Putting all of the requirements mentioned above together, and looking at the complaint as pleaded, Plaintiffs fail to establish standing for the requested relief. Nowhere within the four corners of the complaint have Plaintiffs alleged that there is a future possibility, even if slight, that ICE officers will show up at their house with an administrative warrant authorized by Defendants, enter their homes without consent, and that they will be arrested, detained, and/or taken into immigration custody. As another district court found in a similar context, where plaintiffs "have not shown a likelihood that a future injury is certainly impending or that there is a substantial risk of future injury, they likely do not possess standing to seek injunctive or declaratory relief." *Hussen v. Noem*, 822 F. Supp. 3d 944, 1001 (D. Minn. 2026). Further, Plaintiffs' only purported attempt to establish subject-matter jurisdiction in the complaint is by stating once in the complaint that this Court has "original jurisdiction pursuant to 28 U.S.C. § 1331," and by requesting on the prayer for relief that this Court "accept jurisdiction … as proper." (Dkt. No. 1 at 5, 22). This, however, is not enough to establish that this Court has subject-matter jurisdiction to entertain the present "case." Absent standing, this Court lacks subject-matter jurisdiction. Since the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Plaintiffs have failed to do so here.

Although Plaintiffs allege in their response that *Lyons* and *Clapper* are not applicable in this context, the Court disagrees. The Supreme Court held in *Lyons* that where the plaintiff is seeking injunctive relief, he must show a sufficiently plausible threat of future injury to establish Article III standing. *Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983). Further, it reiterated what it said in *O'shea*, that "[p]ast exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects." *Id.* at 102 (quoting *O'shea*, 414 U.S. at 495–96). Similarly, in both a declaratory judgment and injunctive relief context, the Supreme Court held in *Clapper* that there is no Article III standing where the harm is too "speculative" and only based on a "chain of possibilities" that an injury will occur. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013).

"Like in *Lyons*, plaintiffs here allege that they were the subjects of unlawful law enforcement actions in the past"—namely, ICE officers' unauthorized entranced into Plaintiffs' home under the alleged use and directive of an administrative warrant. *Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 2, (2025). And like in *Lyons* and *Clapper*, Plaintiffs seek forward-looking relief: a declaratory judgment that Defendants' policy directive at issue violates Plaintiffs' Fourth and Fifth Amendment rights under the Constitution, and a permanent injunction on these practices. "But like in *Lyons*, plaintiffs have no good basis to believe that [ICE officers] will unlawfully stop [or arrest] *them* [or enter their homes] in the future based on the prohibited factors—and certainly no good basis for believing that any stop [or arrest] of the plaintiffs is imminent." *Vasquez Perdomo*, 146 S. Ct. at 3 (Kavanaugh, J., concurring). And even when Plaintiffs have complained of past exposure to allegedly illegal practices, that is not enough to establish that future harm is imminent. *See Lyons*, 461 U.S. at 102. Therefore, because Plaintiffs here are only seeking broad forward-looking relief they lack standing under current Supreme Court precedent, and Defendants' motion to dismiss under Rule 12(b)(1) must be granted.

## III. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

SO ORDERED November 9, 2026, at McAllen, Texas.

Randy Crane
Chief United States District Judge